IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

    Plaintiff,

v.                                                                                                        No. 21-cv-0896 RB-CG

ALBUQUERQUE JOURNAL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court following Plaintiff Donald Thomas Sharp's refusal to comply with the *in forma pauperis* statute. Sharp is incarcerated and proceeding *pro se*. On September 13, 2021, he filed a Civil Complaint alleging the Albuquerque Journal refuses to expose treason by state officials. (*See* Doc. 1.) This is one of at least 41 cases filed by Sharp in the past eight months. *See Sharp v. New Mexico*, No. 21-cv-0700 WJ-SMV, 2021 WL 4820736, at *3 (D.N.M. Oct. 15, 2021) (listing each filing). By an Order entered September 20, 2021, the Court directed Sharp to prepay the $402 civil filing fee or file an *in forma pauperis* motion "along with an inmate account statement reflecting transactions between March 13, 2021, and September 13, 2021." (*See* Doc. 2 (Cure Order).) The Cure Order warned that the failure to timely comply would result in dismissal of this action without further notice.

    The deadline to file an *in forma pauperis* motion or prepay the filing fee was October 20, 2021. Sharp failed to comply. He instead filed an Objection to Order to Cure Deficiency. (*See* Doc. 5.) The Objection alleges various judges in this Court are corrupt and that "paying debts is against public policy." (*Id.* at 1.) Such tactics are used by sovereign citizens and do not excuse Sharp from complying with Court orders. *See, e.g.*, *In re Hardee*, No. 18-67130 BEM, 2021 WL 1186477, at

\*2 n.2 (Bankr. N.D. Ga. Mar. 26, 2021) (describing the sovereign citizen ideology that the "U.S. Government [is] ultimately responsible for satisfaction of … [citizens'] debts"); *Leiter v. Nickrenz*, No. 15-cv-2337 JNE/BRT, 2016 WL 7191614, at \*2 (D. Minn. Dec. 12, 2016) (noting sovereign citizen theory that the "the Treasury Department[ ] was responsible for [litigant's] debt").

Sharp's argument is also contrary to 28 U.S.C. § 1915(a), which requires every prisoner to prepay the fee or submit an *in forma pauperis* motion along with a certified inmate account statement reflecting six months of transactions. The fact that it may be inconvenient to submit financial forms in over 40 cases is not relevant to the analysis. The Supreme Court has emphasized that "1915(b)(1) calls for assessment of 'an initial partial filing fee' *each time* a prisoner 'brings a civil action," and the Court must collect "'monthly payments of 20 percent of the preceding month's income' simultaneously for *each action* pursued." *Bruce v. Samuels*, 577 U.S. 82, 89–90 (2016) (emphasis added). Where, as here, the plaintiff refuses to provide the required forms under § 1915, courts may dismiss the case. *See, e.g.*, *Salazar v. Arapahoe Cnty. Det. Fac.*, 787 F. App'x 542, 543 (10th Cir. 2019) (affirming dismissal order where "none of [plaintiff's] letters addressed the inmate account statement or explained his failure to comply with the ordered deadline"); *Sheptin v. Corr. Healthcare Mgmt. Contractor Co.*, 288 F. App'x 538, 540–41 (10th Cir. 2008) ("district court did not abuse its discretion by dismissing [Plaintiff's] action without prejudice based upon his failure to comply with" § 1915(a)); *Gonzales v. Bernalillo Cnty. Dist. Ct.*, 640 F. App'x 759, 762 (10th Cir. 2016) (same).

Based on this authority and Sharp's refusal to comply with § 1915 in this (or any) case, the Court will overrule his Objection (Doc. 5) and dismiss the Civil Complaint (Doc. 1) pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the . . . court's orders." *See Olsen*

2

*v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003). All remaining motions for summary judgment and injunctive relief (Docs. 6; 7; 8) will be denied as moot.

**IT IS ORDERED** that Plaintiff Donald Thomas Sharp's Motions for Summary Judgment (**Docs. 6; 7**) and Motion for Injunctive Relief (**Doc. 8**) are **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff Donald Thomas Sharp's Civil Complaint filed September 13, 2021 (**Doc. 1**) is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE